# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# AUGUSTA DIVISION

| | | |
|---|---|---|
| ARTHUR J. MARSHALL, JR., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV111-097 |
| | ) | CR109-078 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

This 28 U.S.C. § 2255 proceeding is on remand from the Eleventh Circuit after the Government withdrew its reliance on Marshall's collateral-attack waiver with respect to his claim that his trial counsel was ineffective in failing to pursue a direct appeal. *Marshall v. United States*, 592 F. App'x 919 (11th Cir. 2015). The appellate court has directed this Court to conduct an evidentiary hearing on the ineffective-assistance-of-counsel ("IAC") claims identified in the certificate of appealability. *Id.* at 920. But there were some housekeeping matters that first needed to be addressed, so the Court directed both Marshall and his former counsel to state, under penalty of perjury, material facts

necessary to resolve Marshall's claims. Doc. 27; CR109-078, doc. 91, *reported at* 2015 WL 3936033.

Counsel has complied, stating in a Declaration made under penalty of perjury that he never led Marshall to believe that his sentencing range was limited to 21-27 months; that he explained the appeal waiver and Marshall understood its meaning and effect; that he nevertheless discussed with Marshall his appeal options, advised him that he had no meritorious case to appeal (given his sentence within the guidelines range), and explained that any appeal could adversely impact his chances of persuading the Government to file a Rule 35 motion for reduction of sentence; that Marshall not only never asked counsel to file an appeal but wrote to counsel about the status of his Rule 35 motion, *not* the status of an appeal; and that no errors were made at sentencing. Doc 28 (cr. doc. 92). Marshall has not filed a rebuttal Declaration, which was due no later than August 18, 2015.[1] Accordingly, his § 2255 motion should be **DENIED** on abandonment grounds and for failing to obey a Court Order. *Sumpter v. Sears*, 2012 WL 95214 at * 3 (E.D.N.Y. Jan. 12,

---

[1] The Court's Order directed Marshall to "place it in his prison's mail system by the 14th day following the Government's service of Shanahan's affidavit upon him." Doc. 91 at 12. The government served counsel's Declaration on August 4, 2015, and the Clerk set his deadline as August 18, 2015. *See* August 5, 2015 docket entry.

2012) ("Alternatively, the court dismisses the petition under Federal Rule of Civil Procedure 41(b) for petitioner's failure to prosecute and comply with the court's orders.").

**SO REPORTED AND RECOMMENDED** this 3rd day of September, 2015.

                                  **UNITED STATES MAGISTRATE JUDGE**
                                  **SOUTHERN DISTRICT OF GEORGIA**