UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

ARTHUR J. MARSHALL, JR.,       )
                               )
      Movant,                  )
                               )
v.                             )  Case No. CV111-097
                               )           CR109-078
UNITED STATES OF AMERICA,      )
                               )
      Respondent.              )

## ORDER

After this Court denied Arthur J. Marshall Jr.'s 28 U.S.C. § 2255 motion, he appealed and "argued, *inter alia*, that his trial counsel was ineffective due to his failure to pursue a direct appeal." *Marshall v. United States*, 592 F. App'x 919, 919 (11th Cir. 2015). This Court had denied relief because "his claims were either barred by the collateral-attack waiver in his plea agreement or otherwise meritless." *Id.* But on appeal the Government changed course on enforcing such waivers, so the Eleventh Circuit vacated that ruling and remanded his case to this Court to hear his ineffective-assistance-of-counsel ("IAC") claims. *Id.* at 920.

The core issue now before this Court, then, turns on movant's claim that he told his lawyer -- Kiernan J. Shanahan -- to take a direct

appeal, yet was ignored.[1] If Marshall prevails on that claim and thus wins a new appeal, it could moot his other IAC claims. So, the Court directed Shanahan to file an affidavit, and Marshall to file a *"Mingo* Statement"[2] in response. *Marshall v. United States*, 2015 WL 3936033 at * 2 (S.D. Ga. June 26, 2015) ("It is this Court's practice to request sworn

---

[1] As this Court previously noted:

> [A]n attorney's failure to file a requested notice of appeal is *per se* ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 483–86, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); *Gaston v. United States*, 237 Fed.Appx. 495, 495 (11th Cir. 2007). And a defendant claiming ineffective assistance on that score need not demonstrate an ability to raise meritorious issues on appeal. *Roe*, 528 U.S. at 477–78, 120 S.Ct. 1029, 145 L.Ed.2d 985. Instead, he can prove ineffective assistance by showing a "reasonable probability" that he would have timely appealed had counsel not failed to file an appeal on his behalf. *Id*, at 484, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985. This is the case despite his double waiver. *Gaston*, 237 Fed.Appx. at 497 (no burden to show the issue he would raise falls outside his waiver); *Gomez–Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005).

*Mingo v. United States*, 2014 WL 7184011 at * 2 (S.D. Ga. Dec. 17, 2014).

The Court has been confronted with many such § 2255 claims. *See, e.g., Ortega v. United States*, 2014 WL 3012657 at * 1 n. 2 (S.D. Ga. July 2, 2014) (collecting cases). To address them and the costly evidentiary hearings they often generate, it created the Notice of Counsel's Post-Conviction Obligations ("Notice"), a form that is to be furnished to counsel by the Clerk electronically, upon first appearance, and again at sentencing (it evidently wasn't in this case). It reminds counsel of their general duty to "consult" with their client about an appeal by "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Flores–Ortega*, 528 U.S. at 478. It also requires that both the defendant and counsel execute the form, thus cross-memorializing their consultation and the defendant's instructions regarding an appeal. Attorneys should use the Notice, whether or not the Clerk provides a copy. It is available on the Court's website. *See* http://www.gasd.uscourts.gov/usdcForms.asp.

[2] *See Mingo v. United States*, 2014 WL 5393575 at *1 (S.D. Ga. Oct. 23, 2014).

2

affidavits or 28 U.S .C. § 1746 Declarations from allegedly errant lawyers and movants before a hearing."). Sometimes that has resulted in a resource-conserving disposition. *Id.* (citing cases where this enabled resolution on paper, thus sparing evidentiary-hearing costs).

When Marshall failed to comply with the Court's deadline, it advised in a Report and Recommendation (R&R) that his § 2255 motion be denied on abandonment and disobedience grounds. Doc. 94.[3] But he has since filed a change-of-address notice which suggests that he did not timely receive the Court's June 26, 2015 Order. Doc. 96. He also has filed (albeit over a month late) his *Mingo* Statement. Doc. 101, *as amended*, 106 (erroneously docketed as an R&R "Objection"). The Court in its discretion therefore vacates its R&R. Doc. 94.

Marshall insists that he directed Shanahan to file a direct appeal. Doc. 106 at 4. Shanahan denies this. Doc. 92 at 3 ("At No Time Did [Marshall] Instruct Me To Appeal His Sentence").[4] Noting a similar

---

[3] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

[4] The core of Marshall's § 2255 motion: "Petitioner does not contest his admission of guilt as he accepted his guilt and understands punishment is deserving [sic]. However, [he] contends that a sentence of 69 months is overstated. . . . [T]he imposed sentence . . . was . . . [factually unsupported and] based on clear error and miscalculation." Doc. 62 at 5.

3

factual conflict in *Young v. United States*, 2012 WL 1970853 at * 1 (S.D. Ga. May 7, 2012), the Government conceded that the movant there was entitled to an evidentiary hearing to resolve it. This Court agreed, so under Rule 8(c) of the Rules Governing Section 2255 Proceedings, it appointed Young new counsel pursuant to 18 U.S.C. § 3006A(g) to represent him at the evidentiary hearing. *Id.*

The Government makes the same concession here. Doc. 68 at 20; *see also id.* ("Furthermore should this Court . . . fin[d] after an evidentiary hearing that Marshall did request an appeal, then [it] concedes that an out-of-time appeal is the appropriate remedy."). But evidentiary hearings like that typically incur considerable expense, including new-counsel fees; transporting the defendant from his place of incarceration; the court's time; the former defense lawyer's time; the prosecution's time; any post-hearing appeal costs (filing fees, transcripts, briefs, possible oral argument), and so on.[5] "It is not difficult to estimate

---

[5] Again, it

> behooves the bench, bar and government to ensure that [the aforementioned Notice form] be used in every criminal case. *See Baughman v. United States*, 2008 WL 3861991 at *3-6 (S.D. Ga. Aug. 18, 2008) (copy of suggested form). To head off bogus, post-Notice claims that defendants "changed their mind" and later "sent a letter" to their lawyer requesting an appeal within Fed. R.App. P. 4(b)(1) (A)'s 14–day period, sentencing judges can hand the Notice to each

that § 2255 motions like this cost the taxpayers $10,000 or more, and in a time of record national debt." *Hayes v. United States*, 2011 WL 3468799 at * 5 n. 5 (S.D. Ga. Aug. 9, 2011), *adopted*, 2011 WL 4704219 (S.D. Ga. Oct. 6, 2011).

Those costs can easily exceed that of a direct appeal, especially here, where Marshall challenges only his sentence: "Petitioner does not contest his admission of guilt as he accepted his guilt and understands punishment is deserving [sic]. However, [he] contends that a sentence of 69 months is overstated. . . . [T]he imposed sentence . . . was . . . [factually unsupported and] based on clear error and miscalculation." Doc. 62 at 5; *see also id.* at 2 (asking the Court only to "vacate, set-aside or correct Petitioner's sentence of 69 months. . . ."); *id.* at 33 (seeking only a re-sentencing). All of Marshall's IAC claims, for that matter, are

---

defendant after sentencing and instruct him, on the record, to (a) timely complete the "Notice" with his counsel and file it; and (b) immediately file with the Court a copy of any post-Notice, change-of-mind request for their counsel to file an appeal. An executed copy of the Notice with no follow-up filing from the defendant can then be accepted as prima facie evidence that the defendant elected to take no appeal. Verified claims to the contrary would then face investigation and prosecution if found to be perjuriously made.

*Hayes*, 2011 WL 3468799 at * 5 n. 5. Another prophylactic measure to be considered is a guilty plea agreement provision instructing defense counsel not to file an appeal. *See United States v. Ashby*, 2013 WL 1122650 at * 4 (W.D. Va. Mar.18, 2013) ("In her Plea Agreement waiver of appeal rights, Ashby 'explicitly and irrevocably' instructed counsel not to file a notice of appeal.").

aimed at getting him a resentencing based on the same errors that he wants to raise on appeal (he raises no IAC claim that goes to his guilty plea's validity, nor seeks to undo it and thus his conviction).

The question thus naturally arises whether the Government might want to concede a new direct appeal cycle per *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000).[6] The Court therefore will hear from the Government within 14 days of the date this Order is served (Marshall is free to respond if he wishes, and the Court will wait 14 days after the Government responds before issuing its next ruling). Meanwhile, the Court in its discretion **VACATES** its R&R, doc. 94.

**SO ORDERED,** this 5th day of October, 2015.

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[6] Recall that this is a double-waiver case (i.e., waiver of both a direct appeal and a collateral attack "on any ground"), doc. 40 at 7, as noted by the district judge in sentencing Marshall. Doc. 60 at 39. On appeal the Government conceded only one leg of that. *Marshall*, 592 F. App'x at 920 (reversing this Court solely on an "October 14, 2014 . . . United States Department of Justice . . . memorandum to all federal prosecutors regarding the enforcement of appeal waivers in which defendants waive claims of ineffective assistance of counsel on direct appeal and/or collateral attack."). The Government thus did not abandon the other leg of Marshall's waiver – that of any challenge to his sentence except in circumstances not raised here. And the Eleventh Circuit has routinely upheld single-waiver cases. *See, e.g., United States v. Magana–Herrera*, 464 F. App'x 835, 835 (11th Cir. 2012) (applying direct appeal waiver to dismiss grounds of appeal that were not excepted from the waiver). So giving Marshall what he wants here (a direct appeal subject to the waiver's other leg) may be more cost-efficient than fighting the current battle.